# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RONNIE SALAZAR and RICKI LEIGH
SALAZAR, *as parents and next friends of M.S.,
a minor*,

        Plaintiffs,

vs.                                                                      No. 1-20-cv-01029-DHU-KK

BOARD OF REGENTS OF THE NEW
MEXICO MILITARY INSTITUTE; JOHN
OR JANE DOE, *employees of the New
Mexico Military Institute*; KIARION
FREEMAN; DAVID JOHNSON; NATHAN
GILES; and DONALD FLORES,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Plaintiffs Ronnie Salazar and Ricki Leigh

Salazar as Parents and Next Friends of M.S., a Minor's Motion to Remand to State Court, filed

September 24, 2021 (Doc. 24) ("Motion to Remand"); (ii) Defendants Kiarion Freeman and David

Johnsons' Joint Motion to Remand the Case to State Court, filed September 28, 2021 (Doc. 25)

("Joint Motion"); (iii) Defendant Board of Regents of the New Mexico Military Institute's

("NMMI") request to sever and remand Plaintiffs' claims under 28 U.S.C. § 1441(c); and (iv)

Plaintiffs' request for attorney's fees and costs.  Having considered the parties' briefing, the record

of the case, and applicable law, the Court (a) grants both, the Salazar Plaintiffs'[1] Motion and

---

[1] The Court will refer to Plaintiffs Ronnie Salazar and Ricki Leigh Salazar, who bring this action
on behalf of M.S., a minor, as the "Salazar Plaintiffs."

Defendants Freeman and Johnsons' Joint Motion to Remand, (b) denies Defendant NMMI's request to sever and remand Plaintiffs' claims, and (c) grants the Salazar Plaintiffs' request for attorney's fees and costs.

## BACKGROUND

On November 10, 2019, Plaintiffs filed their complaint in the First Judicial District Court of New Mexico.  Plaintiffs alleged claims against NMMI under the New Mexico Tort Claims Act for the negligent operation and maintenance of a school premises under NMSA 1978, § 41-4-6, and claims against Defendants Freeman and Johnson for sexual assault, battery, invasion of privacy, negligence, and for failure to aid another harmed by an actor's conduct. (Doc. 1-1).  This is not a case involving complete diversity of citizenship; nor did Plaintiffs bring any claims based on federal law or statutes that would provide this Court with original jurisdiction over this matter. On September 23, 2020, and September 28, 2020, respectively, Defendants Freeman and Johnson filed amended answers, in which Freeman and Johnson asserted crossclaims against Defendant NMMI that allege constitutional violations under the Fourteenth Amendment. (Doc. 1-4) (Doc. 1-5). Defendant/Cross-Defendant NMMI removed the case to federal district court on October 7, 2020. (Doc. 1).

The primary issue is whether the court should remand this case to state court because the case was removed based on a federal question asserted in crossclaims. The only asserted basis for federal jurisdiction in this case stems from the crossclaims that Defendants Freeman and Johnson assert against NMMI, which allege that, by expelling Freeman and Johnson, NMMI violated Freeman and Johnson's procedural and substantive due process rights protected by the Fourteenth Amendment, U.S. Const. amend. XIV, and 42 U.S.C. § 1983. *See* First Amended Crossclaim Against the Board of Regents of the New Mexico Military Institute, filed October 7, 2020 (Doc.

1-4, at 4-6) (Doc. 1-5, at 5-6). The Salazar Plaintiffs, along with Defendants Freeman and Johnson,

seek to remand this case back to New Mexico State District Court because Defendant's removal

was based on the cross-claims made against Defendant NMMI and therefore NMMI is a Cross-

Defendant, which, according to Plaintiffs, is not a "defendant" within the meaning of 28 U.S.C. §

1441(a).

## LEGAL PRINCIPLES AND STANDARDS

Congress granted federal courts jurisdiction over two general types of cases: cases that

arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds

$75,000 and there is diversity of citizenship among the parties, 28 U.S.C § 1332(a).  *See*, *e.g.*,

*Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34 (2019).  Cases that

arise under federal law give a federal district court subject matter jurisdiction to hear claims

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In

addition to granting federal courts jurisdiction over certain types of cases, Congress has enacted

provisions that permit a defendant or defendants to remove cases originally filed in state court to

federal court. 28 U.S.C. § 1441.

Section 1441 states:

> [A]ny civil action brought in a state court of which the district courts
> of the United States have original jurisdiction, may be removed by
> the defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

28 U.S.C. § 1441(a). "[A] district court, when interpreting whether it has original jurisdiction over

a civil action, should evaluate whether that action could have been brought originally in federal

court." *Home Depot*, 139 S. Ct. at 1748. "Only state-court actions that could have originally been

filed in federal court may be removed to federal court by the defendant. Absent diversity of

citizenship, federal-question jurisdiction is required." *Caterpiller Inc. v. Williams*, 482 U.S. 386, 391 (1987). The existence of federal-question jurisdiction is determined by the "well pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*   "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

It is well established that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982). The removing defendant bears the burden of establishing that removal is proper. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir.2008).


**DISCUSSION**

**A.  Subject Matter Jurisdiction**

Defendant NMMI relies entirely on its position as a Cross-Defendant to Johnson and Freeman's First Amended Crossclaims under 42 U.S.C. § 1983, to assert that federal question jurisdiction exists and therefore removal is proper. (Doc. 1-4, at 4-6) (Doc. 1-5, 5-6).  However, 28 U.S.C. §1441 does not give Defendant NMMI the right to remove this action to federal court based on the cross-claims brought against it. The terms "defendant or the defendants," found within 28 U.S.C § 1441, do not encompass parties defending against a counterclaim, cross-claim or third-party claim.  In *Home Depot*, the Supreme Court explained that Section 1441(a):

> does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the 'civil action ... of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim.

139 S. Ct. at 1748.

New Mexico Federal District Courts have echoed this holding, determining that "the right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, crossclaims, and third-party claims cannot be the basis for removal under § 1441(a)." *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1036 (D.N.M. 2011) (quotation marks and citation omitted); *Progressive Direct Ins. Co. v. Gerken*, 2019 WL 6255117 (D.N.M. 2019).  Because the scope of 28 U.S.C. § 1441 is narrow, and does not permit removal based on counterclaims, and because this case could not have been originally brought in federal court, NMMI's removal is not proper. *See Home Depot*, 139 S. Ct. at 1748-50.  Allowing a cross-defendant to remove a case based solely on their position as a cross-defendant would effectively abolish the long-held principle that the plaintiff should select the forum in which she or he brings their suit. *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) ("Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction."). While the case law does not specifically address crossclaims between defendants, it clearly establishes that only the original defendant to a plaintiff's complaint may remove, and that it is only within that relationship where original jurisdiction can be found for purposes of removal under 28 U.S.C. § 1441. Any contrary interpretation of § 1441, or the relevant case law as applied to this matter would result in the plaintiff being hailed into federal court and being forced to litigate in that forum despite specifically and intentionally pleading state causes of action.

In sum, this Court does not have subject matter jurisdiction over this matter and therefore the case must be remanded to state court.  *See* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.   Request to Sever Claims**

Defendant NMMI asks the Court to deny both the Plaintiffs' Motion to Remand (Doc. 26), and Defendants Freeman and Johnson's Joint Motion to Remand (Doc. 25), or in the alternative, sever and remand Plaintiffs' state law claims and retain jurisdiction over defendant Freeman and Johnson's First Amended Crossclaims under 28 U.S.C. § 1441(c)(2). (Doc. 26, at 11) (Doc. 1-4, at 4-6) (Doc. 1-5, 5-6).  The Court will decline Defendant's request to sever the claims in this matter. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Jurisdiction is a threshold question that a federal court must address before deciding the merits of a statutory question, or any other question of influence on the case. *Id.*

Because the Court has determined it does not have subject matter jurisdiction over the civil action filed by Plaintiffs, this court lacks the jurisdiction and authority to make alternative judgements regarding severance, or any other issue.

**C.  Attorneys' Fees and Costs**

Plaintiffs ask the court to for an award of attorneys' fees and costs incurred as a result of Defendant NMMI's improper removal. (Doc. 24, at 5-6).  Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc*., 106 F.3d 318, 322 (10th Cir.

1997) (citation omitted). The standard for awarding attorney's fees should turn on the reasonableness of the removal. *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (internal quotations and citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (internal quotations and citations omitted).

Here, decisions from the United States Supreme Court and the District of New Mexico should have made clear to Defendant NMMI that a cross-defendant is not entitled to removal of an entire case to federal court under 28 U.S.C. § 1441(a).  The Court finds NMMI's argument that its removal was objectively reasonable because the issue is still an open question in the Tenth Circuit to be unavailing in light of the Supreme Court's holding in *Home Depot*, and this Court's holding in *Mach v. Triple D Supply*, LLC, and *Progressive Direct Ins. Co.*  These decisions foreclosed NMMI's right to remove this case as a cross-defendant. As such, NMMI lacked an objectively reasonable basis for seeking removal. The Court, therefore, will award reasonable attorney's fees and costs incurred as a result of the removal.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 24) is **GRANTED**, and that Plaintiffs' accompanying request for attorney's fees and costs is **GRANTED.**  Plaintiff shall submit an application for reasonable attorney's fees and costs within 14 days of entry of this Memorandum Opinion and Order.  Defendant NMMI shall have an additional 14 days to file an objection to the application.

**IT IS FURTHER ORDERED** that Defendants Johnson and Freeman's Joint Motion to Remand (Doc. 25) is **GRANTED;**

**IT IS FINALLY ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico.  The Clerk of Court is accordingly directed to remand the instant action back to the First Judicial District Court in Santa Fe County under 28 U.S.C. § 1447(c).

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE

8